962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Brian HOCKINGS, individually, and Champaign Police
Benevolent and Protective Association, Unit No. 7,
Plaintiffs-Appellants,
v.
CARLE CLINIC ASSOCIATION, P.C., Defendant-Appellee.
 Nos. 90-1485, 90-1558.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 1, 1992.
Rehearing Denied June 4, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs, a police union and its president, brought a civil rights suit to enjoin the defendants, the City of Champaign, its chief of police and a medical clinic, from instituting a mandatory physical examination requirement for the City's police department. They alleged that the physical examination requirement violated their rights under the First, Fourth and Fourteenth Amendments. On the defendants' motion to dismiss, the district judge abstained from exercising jurisdiction over the suit, because implementation of the mandatory physical examination requirement was the subject of arbitration proceedings then pending between the City and the union. From that decision, the plaintiffs appealed.
 
 
 2
 Following the completion of briefing in this court, the plaintiffs settled their suit with the City and the chief of police, resulting in a dismissal of their appeal as to them. The medical clinic, however, was not a party to the agreement, and the plaintiffs' claims as well as their appeal against it still remain. We conclude that the specific relief sought against the clinic no longer has sufficient utility to warrant a decision on the merits. See S-1 v. Spangler, 832 F.2d 294, 297 (4th Cir.1987); 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533.1 (1984). The plaintiffs never alleged any wrongdoing on the part of the clinic, nor sought any damages from it, but merely requested an injunction to prevent the clinic from conducting the physical examinations ordered by the City and from disclosing information obtained from these exams. The plaintiffs have now resolved their dispute over the examination requirement through a settlement with the City. They therefore have no apparent need for relief from this court. See Spangler, 832 F.2d at 297. The appeal is accordingly dismissed for want of a live controversy. See Harris v. Board of Governors, 938 F.2d 720, 724 (7th Cir.1991); In re Memorial Hosp., 862 F.2d 1299, 1301 (7th Cir.1988).
 
 
 3
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record